Geoffrey W. Castello
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

Thomas E. Gilbertsen (admitted *pro hac vice*)
Joanna Baden-Mayer (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street N.W.
Washington, D.C. 20007
(202) 342-8400

Attorneys for Defendant
Synapse Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES T. MCNAIR,<br>on behalf of himself and all others<br>similarly situated,<br><br>       Plaintiff,<br><br>      -against-<br><br>SYNAPSE GROUP, INC.,<br><br>      Defendant. | CIVIL ACTION NO:  2:06-CV-05072<br>(JLL)(CCC)<br><br><br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFFS' FIRST<br>AMENDED COMPLAINT** |

Defendant Synapse Group, Inc. ("Synapse"), through undersigned

counsel, hereby answers the First Amended Complaint (the "Amended

Complaint") filed by plaintiffs Charles T. McNair ("McNair"), Theodore Austin ("Austin"), Danielle Demetriou ("Demetriou"), Steven Novak ("Novak"), Rod Bare ("Bare"), Ushma Desai ("Desai") and Julie Dynko ("Dynko") (collectively, "Plaintiffs") as follows:

## SUMMARY OF COMPLAINT

1.      Synapse denies that Plaintiffs may proceed on their own behalf or on behalf of the alleged class they seek to represent, and denies that the alleged class encompasses all persons and entities who purchased magazine subscriptions pursuant to offers made by, or under the direction of, Synapse or its affiliates in the States of New Jersey, New York, Illinois, New Mexico and the District of Columbia.

2.      Synapse denies that it engaged in any deceptive, unlawful or unfair business practice, unconscionable commercial practice, misrepresentation, fraud, or any other act in violation of the Connecticut Unfair Trade Practices Act, §§ 42-110a through 42-110q ("UTPA"), the respective state consumer fraud acts of the resident states of Plaintiffs, 15 U.S.C. §45(a) of the Federal Trade Commission Act ("FTC Act"), the Unordered Merchandise Statute, 39 U.S.C. §3009(a), the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693, the FTC's Trade Regulation Rule entitled "Use of Prenotification Negative Option Plans" (the "Negative Option Rule"), 16 C.F.R. Part 425, or any other claims set forth in the

Amended Complaint.   Synapse further denies that Plaintiffs are entitled to compensatory damages or any other relief.  Synapse further denies that Plaintiffs have standing to proceed under the Connecticut UTPA, the FTC Act, the Unordered Merchandise Statute, and the FTC Trade Regulations Rules.

3.     Synapse admits that it provides subscriber acquisition and management services to publishers of consumer magazines and has a principle place of business in Stamford, Connecticut.

4.     Synapse admits that it offers magazine subscriptions for sale to the general public, and that many such subscriptions are charged to customer credit card accounts and debit cards associated with bank accounts, but denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.     Synapse admits that it conducts different businesses under different subsidiaries and/or d/b/a names, including Magazine Direct, New Sub Magazine Services, SynapseConect, Synapse Solutions and CAP Systems. Synapse denies the remainder of the allegations in Paragraph 5 of the Amended Complaint.

6.     Synapse denies the allegations in Paragraph 6 of the Amended Complaint.

7.     Synapse denies the allegations in Paragraph 7 of the Amended Complaint.

3

8.     Synapse admits that it maintains an automated telephone system through which consumers may cancel magazine subscriptions if they so choose, but denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9.     Synapse denies the allegations in Paragraph 9 of the Amended Complaint.

10.     Synapse denies the allegations in Paragraph 10 of the Amended Complaint.

11.     Synapse admits the allegations in Paragraph 11 of the Amended Complaint.

## **PARTIES**

12.     Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 12(a)-(g) of the Amended Complaint, and therefore denies them.

13.     Synapse admits the allegations in Paragraph 13 of the Amended Complaint.

14.     Synapse admits the allegations in Paragraph 14 of the Amended Complaint.

4

15.    Synapse admits that it does business in the State of New Jersey and denies the remaining legal conclusions in Paragraph 15 of the Amended Complaint.

## VENUE, JURISDICTION AND APPLICABLE LAW

16.    The allegations contained in Paragraph 16 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

17.    The allegations contained in Paragraph 17 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

18.    Synapse admits that it has a principle place of business in Connecticut and denies the remaining legal conclusions in Paragraph 18 of the Amended Complaint.

## PLAINTIFFS' ALLEGATIONS OF FACT

## PLAINTIFF MCNAIR

19.    a.    Synapse admits the allegations in Paragraph 19(a) of the Amended Complaint.

b.    Synapse admits the allegations in Paragraph 19(b) of the Amended Complaint.

c.   Synapse admits the allegations in Paragraph 19(c) of the Amended Complaint.

d.   Synapse admits the allegations in Paragraph 19(d) of the Amended Complaint.

e.   Synapse admits that Plaintiff McNair called its automated telephone system on May 25, 2005, and that McNair responded in the affirmative to the initial question with which the system greeted McNair, "Are you calling to cancel a magazine?" Synapse lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 19(e) of the Amended Complaint, specifically as to McNair's intent when calling Synapse's automated telephone system on May 25, 2005.

f.   Synapse denies that McNair cancelled any magazine subscriptions on May 25, 2006, but admits that McNair's credit card account was charged Seventeen Dollars and Ninety-Five Cents ($17.95) on June 30, 2006, for the cost of a renewal subscription to National Geographic Traveler magazine. Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19(f) of the Amended Complaint, and therefore denies them.

g.   Synapse admits that McNair called its automated telephone system on July 12, 2006, cancelled certain subscription renewals, and

6

received cancellation confirmation number 410952C. Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19(g) of the Amended Complaint, and therefore denies them.

h. Synapse admits that the National Geographic Traveler magazine renewal represented by the $17.95 charge on McNair's credit card was not cancelled during McNair's May 25, 2006 or July 12, 2006 phone calls to Synapse, and that the cost of this renewal was not credited back to him. Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19(h) of the Amended Complaint, and therefore denies them.

i. Synapse admits that McNair's then-current term of National Geographic Traveler magazine was not cancelled during his July 12, 2006 phone call and that Synapse did cancel future renewals of the magazine, but denies the remaining allegations in Paragraph 19(i) of the Amended Complaint.

j. Synapse lacks information or knowledge sufficient to form a belief that McNair was charged Fifty Four Dollars ($54.00) on July 11, 2006 for a renewal of his Time magazine subscription, but admits that Synapse processed a charge of Fifty-Four Dollars ($54.00) for McNair's Time magazine subscription on July 9, 2006. Synapse admits that McNair cancelled his Time magazine renewal subscription and received a refund from Synapse for the $54.00

7

charge, but denies that this refund was provided only after McNair enlisted the aid of his credit card company. Synapse denies that the options on its automated telephone system were or are misleading, and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19(j) of the Amended Complaint, and therefore denies them.

## PLAINTIFF AUSTIN

20.    a.    Synapse admits that in 2006, Plaintiff Austin placed orders for National Geographic, Maxim and ESPN magazines from Synapse through an offer presented on a website, but lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 20(a) of the Amended Complaint, and therefore denies them.

b.    Synapse admits that it sent a notice of renewal to Austin, and denies the remaining allegations in Paragraph 20(b) of the Amended Complaint.

c.    Synapse admits that approximately 15 months following the start of his initial order, Austin was charged Thirty Four Dollars ($34.00) for a renewal of National Geographic magazine. Synapse lacks information or knowledge sufficient to form a belief as whether this credit card was a debit card associated with Austin's bank account.

d.     Synapse admits that Austin called its automated telephone system after being charged for the renewal of his National Geographic magazine subscription, but lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 20(d) of the Amended Complaint, and therefore denies them.

e.     Synapse lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 20(e) of the Amended Complaint, and therefore denies them.

f.     Synapse denies the allegations in Paragraph 20(f) of the Amended Complaint.

g.     Synapse denies that Austin was not provided with an opportunity to speak with a live person during his calls to Synapse's automated telephone system.

h.     Synapse denies that its automated telephone system impeded Austin's attempts to reach a live attendant during any of his calls to the automated telephone system. Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20(h) of the Amended Complaint, and therefore denies them.

## PLAINTIFF DEMETRIOU

21.   a.   Synapse admits that Plaintiff Demetriou purchased subscriptions to Her Sport, Shape, and Fitness magazines in 2007, but denies that the terms of such subscriptions were for 6 months.

b.   Synapse admits that it sent a notice to Demetriou that it would charge the Visa card that Demetriou provided, but denies the remaining allegations in Paragraph 21(b) of the Amended Complaint.

c.   Synapse admits that it charged Demetriou for her three initial magazine subscriptions using the Visa card information provided by Demetriou. Synapse lacks information or knowledge sufficient to form a belief as whether this credit card was a debit card associated with Demetriou's bank account, and denies the remaining allegations in Paragraph 21(c) of the Amended Complaint.

d.   Synapse admits that Demetriou cancelled her subscriptions to Her Sports and Shape magazines on June 25, 2007, and that the Synapse charged her for the renewal of Fitness magazine, which was not cancelled during Demetriou's June 25, 2007 call, on July 2, 2007.

e.   Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21(e) of the Amended Complaint, and therefore denies them.

f.      Synapse admits that Demetriou requested that Synapse reimburse her for bank overdraft fees and that Synapse denied this request, but denies the remaining allegations in Paragraph 21(f) of the Amended Complaint.

## PLAINTIFF BARE

22.   a.      Synapse admits that Plaintiff Bare purchased subscriptions to Stuff and National Geographic magazines from Synapse using a credit or debit card, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22(a) of the Amended Complaint, and therefore denies them.

b.      Synapse admits that it sent a renewal notice to Bare, but denies the remaining allegations in Paragraph 22(b) of the Amended Complaint.

c.      Synapse admits that it charged Bare for renewals of his Stuff and National Geographic magazine subscriptions approximately one year following the start of his initial subscriptions, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22© of the Amended Complaint, and therefore denies them.

d.      Synapse admits that Bare called its automated telephone system, but lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 22(d) of the Amended Complaint, and therefore denies them.

e. Synapse admits the allegations in Paragraph 22(e) of the Amended Complaint.

f. Synapse admits that Bare cancelled all of his magazine subscriptions during a call with Synapse's live customer representative, and denies the remaining allegations of Paragraph 22(f) of the Amended Complaint.

g. Synapse denies the allegations in Paragraph 22(g) of the Amended Complaint.

## PLAINTIFF DESAI

23. a. Synapse admits that Plaintiff Desai ordered subscriptions to Spin, ESPN, Maxim and VIBE magazines from Synapse pursuant to a three month free trial offer, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23(a) of the Amended Complaint, and therefore denies them.

b. Synapse admits that it charged Desai for subscriptions to Spin, ESPN, Maxim and Vibe magazines in accordance with the terms of the offer presented, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23(b) of the Amended Complaint, and therefore denies them.

12

c.     Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23(c) of the Amended Complaint, and therefore denies them.

d.     Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23(d) of the Amended Complaint, and therefore denies them.

e.     Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23(e) of the Amended Complaint, and therefore denies them.

f.     Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23(f) of the Amended Complaint, and therefore denies them.

g.     Synapse admits that on July 28, 2007, it performed an authorization on the account information provided by Desai, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23(g) of the Amended Complaint, and therefore denies them.

h.     Synapse admits that Desai called its automated telephone system in August of 2007 and cancelled magazine subscription renewals, but lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 23(h) of the Amended Complaint, and therefore denies them.

       i.    Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23(i) of the Amended Complaint, and therefore denies them. Synapse is specifically unable to admit or deny allegations with respect to Desai's subjective perception or opinions of its automated telephone system.

       j.    Synapse admits that Desai cancelled magazine subscription renewals on August 1, 2007, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23(j) of the Amended Complaint, and therefore denies them.

       k.    Synapse denies that it required the allegations in Paragraph 23(k) of the Amended Complaint.

       l.    Synapse admits the allegations in Paragraph 23(l) of the Amended Complaint.

       m.    Synapse admits the allegations in Paragraph 23(m) of the Amended Complaint.

## PLAINTIFF DYNKO

    24.   a.    Synapse admits the allegations in Paragraph 24(a) of the Amended Complaint.

14

b.     Synapse admits that it charged $37.00 to Plaintiff Dynko's Discover credit card account for a renewal of her subscription to Newsweek magazine on August 1, 2006, but denies the remaining allegations in Paragraph 24(b) of the Amended Complaint.

c.     Synapse denies the allegations in Paragraph 24(c) of the Amended Complaint.

d.     Synapse admits that it issued to Dynko a partial refund of the $37.00 charge for a renewal of Newsweek magazine on December 27, 2006, but Synapse denies that it provided this refund in response to any inquiry from Dynko's credit card company.   Synapse denies all remaining allegations of Paragraph 24(d) of the Amended Complaint.

e.     Synapse denies the allegations in Paragraph 24(e) of the Amended Complaint.

f.     Synapse admits that it charged Dynko $15.00 for a subscription to Rolling Stone magazine on July 22, 2006, and denies all remaining allegations of Paragraph 24(f) of the Amended Complaint.

g.     Synapse denies the allegations in Paragraph 24(g) of the Amended Complaint.

h.     Synapse admits that it issued to Dynko a partial refund of the $18.00 charge for a renewal of Rolling Stone magazine on December 27, 2006.

Synapse denies all remaining allegations of Paragraph 24(h) of the Amended Complaint.

i.    Synapse admits that Dynko has continued her subscription to Skateboarder magazine via automatic renewals since 2002, and lacks sufficient information to admit or deny the remaining allegations of Paragraph 24(i), and therefore denies them.

j.    Synapse admits that it charged Dynko $20.00 for a subscription to Teen People on August 11, 2006, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24(j) of the Amended Complaint, and therefore denies them.

k.    Synapse states that Teen People ceased publication, and otherwise denies the allegations contained in Paragraph 24(k) of the Amended Complaint.

m.[sic]  Synapse denies the allegations in Paragraph 24(m) of the Amended Complaint.

n.    Synapse denies the allegations in Paragraph 24(n) of the Amended Complaint.

o.    Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24(o) of the Amended Complaint, and therefore denies them.

p.      Synapse denies the allegations in Paragraph 24(p) of the Amended Complaint.

q.      Synapse admits that it charged Dynko's Discover card account $26.00 for a renewal to Preschool Playroom magazine on October 10, 2006.  Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24(q) of the Amended Complaint, and therefore denies them.

r.      Synapse admits that it refunded a $26.00 charge for Dynko's renewal of Preschool Playroom magazine, but lacks information or knowledge sufficient to form a belief as to when this charge posted to Dynko's Discover card account.

s.      Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24(s) of the Amended Complaint, and therefore denies them.

t.      Synapse denies that it assessed Dynko any unauthorized charges and that Dynko has been damaged as a result.  Synapse lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24(t) of the Amended Complaint, and therefore denies them.

u.      Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24(u) of the Amended Complaint, and therefore denies them.

v.      Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24(v) of the Amended Complaint, and therefore denies them.

## GENERAL ALLEGATIONS

25.     Synapse denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Synapse admits that consumers occasionally voice complaints about it on internet chat rooms, but denies the remaining allegations in Paragraph 26 of the Amended Complaint.  Synapse lacks sufficient information to admit to the authenticity of the materials annexed to Plaintiffs' Amended Complaint as Exhibit C, or to the truth of the matters asserted therein, and they are therefore denied.

27.     Synapse admits that, as of August 2, 2007, the Better Business Bureau of Connecticut reported that it received a total of 238 complaints against Synapse over the preceding 36 months.  Synapse further admits that it conducts different businesses under different subsidiaries or d/b/a names, including Newsub

Magazine Services, LLC.  Synapse denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28.  Synapse admits that it conducts different businesses under different subsidiaries or d/b/a names and that the names of the magazines to which Synapse customers subscribe or the companies that own such magazines are not listed on the exterior of Synapse's renewal notice postcards.  Synapse denies the remaining allegations in Paragraph 28 of the Amended Complaint.

29.  Synapse denies the allegations in Paragraph 29 of the Amended Complaint.

30.  The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 30 of the Amended Complaint.

31.  The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 31 of the Amended Complaint.

32.  The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 32 of the Amended Complaint.

33.  Synapse admits the allegations in Paragraph 33 of the Amended Complaint.

34.  Synapse admits the allegations in Paragraph 34 of the Amended Complaint.

35.   Synapse denies the allegations in Paragraph 35 of the Amended Complaint.

36.   In response to the allegations in Paragraph 36 of the Amended Complaint, Synapse states that the referenced document speaks for itself, and that Synapse complies with all of its legal obligations under applicable state and federal law.

37.   The allegations contained in Paragraph 37 of the Amended Complaint contain legal conclusions to which no answer is required, and the referenced document speaks for itself, and Synapse therefore denies them.

38.   Synapse denies the allegations in Paragraph 38 of the Amended Complaint.

39.   The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 39 of the Amended Complaint.

40.   The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 40 of the Amended Complaint.

41.   The referenced document speaks for itself, and Synapse therefore denies the allegations in Paragraph 41 of the Amended Complaint.

42.   Synapse denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Synapse denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Synapse denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Synapse denies the allegations in Paragraph 45 of the Amended Complaint.

46.     The materials shown in Exhibits A and B to the Amended Complaint speak for themselves, and Synapse lacks sufficient information to admit or deny authenticity, which is therefore denied.  Synapse admits that its renewal notices do not provide notice of any online or mail-in cancellation options, and denies the remaining allegations of Paragraph 46.

47.     Synapse denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Synapse denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Synapse respectfully refers the Court to the referenced postcards, which speak for themselves, and denies the characterization of these materials in Paragraph 49 of the Amended Complaint.

50.     Synapse respectfully refers the Court to the referenced postcards, which speak for themselves, and denies the characterization of these materials in Paragraph 50 of the Amended Complaint.

51.     Synapse respectfully refers the Court to the referenced postcards, which speak for themselves, and denies the characterization of these materials in Paragraph 51 of the Amended Complaint.

52.     Exhibits A and B to the Amended Complaint speak for themselves, and Synapse denies the characterization of these materials in Paragraph 52 of the Amended Complaint.

53.     Synapse denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Synapse denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Synapse denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Synapse denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Synapse denies the allegations in Paragraph 57 of the Amended Complaint.

58.    Synapse denies the allegations in Paragraph 58 of the Amended Complaint.

59.    Synapse denies the allegations and legal conclusions in Paragraph 59 of the Amended Complaint.

60.    Synapse admits the allegations in Paragraph 60 of the Amended Complaint.

61.    Synapse denies the allegations in Paragraph 61 of the Amended Complaint.

62.    Synapse admits that it does not promote a mail-in cancellation option, and denies all remaining allegations in Paragraph 62 of the Amended Complaint.

63.    Synapse denies the allegations in Paragraph 63 of the Amended Complaint.

64.    Synapse admits that it does not provide a World Wide Web-based web page interface for customer to cancel their magazine subscriptions, but denies the remaining allegations in Paragraph 64 of the Amended Complaint.

65.    Synapse denies the allegations in Paragraph 65 of the Amended Complaint.

66.    Synapse denies the allegations in Paragraph 66 of the Amended Complaint.

67.    Synapse denies the allegations in Paragraph 67 of the Amended Complaint.

68.    Synapse denies that its conduct violates the FTC Act, denies that plaintiffs have any private cause of action under the FTC Act, and denies all allegations and legal conclusions contained in Paragraph 68 of the Amended Complaint.

69.    The allegations contained in Paragraph 69 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.   Plaintiffs have no cause of action under the FTC Negative Option Rules.

70.    The allegations contained in Paragraph 70 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

71.    The allegations contained in Paragraph 71 of the Amended Complaint contain legal conclusions to which no answer is required, and is therefore denied.

72.    The allegations contained in Paragraph 72 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

73.     The allegations contained in Paragraph 73 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

74.     Synapse denies the allegations and legal conclusions in Paragraph 74 of the Amended Complaint.  Plaintiffs have no cause of action under FTC regulations or Magazine Publisher Association rules.

75.     Synapse denies the allegations and legal conclusions contained in Paragraph 75 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

76.     In response to the allegations contained in Paragraph 76 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action on behalf of a class.  Plaintiffs further deny that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

77.     In response to the allegations contained in Paragraph 77 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action on behalf of a class.  Synapse further denies that Plaintiffs can meet the numerosity requirement or any of the other requirements of Fed. R. Civ. P. 23.

78.    In response to the allegations contained in Paragraph 78 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action on behalf of a class. Synapse further denies that Plaintiffs can meet the superiority requirement or any of the other requirements of Fed. R. Civ. P. 23.

79.    In response to the allegations contained in Paragraph 79 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action on behalf of a class. Synapse further denies that Plaintiffs can meet the predominance or commonality requirements, or any of the other requirements, of Fed. R. Civ. P. 23.

80.    In response to the allegations contained in Paragraph 80 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action on behalf of a class. Synapse further denies that Plaintiffs can meet the predominance or commonality requirements, or any of the other requirements, of Fed. R. Civ. P. 23.

81.    In response to the allegations contained in Paragraph 81 of the Amended Complaint, Synapse admits that Plaintiffs purport to bring this action on behalf of a putative class, but denies that Plaintiffs are entitled to bring this action

on behalf of a class. Synapse further denies that Plaintiffs can meet the typicality or adequacy of representation requirements, or any of the other requirements, of Fed. R. Civ. P. 23.

82.     The allegations contained in Paragraph 82 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

83.     The allegations contained in Paragraph 83 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

## FIRST COUNT
### (Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing)

84.     Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

85.     Synapse denies the allegations in Paragraph 85 of the Amended Complaint.

86.     The Amended Complaint fails to identify the terms or conditions of the alleged contracts and agreements, but Synapse admits that it extends unilateral offers to consumers and that, upon acceptance, valid and enforceable obligations are created as alleged in Paragraph 86 of the Amended Complaint.

87.    Synapse denies the allegations in Paragraph 87 of the Amended Complaint.

88.    Synapse lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Amended Complaint, and therefore denies them.

89.    Synapse denies the allegations in Paragraph 89 of the Amended Complaint.

90.    Synapse denies that Plaintiffs have suffered any damages as a result of the conduct alleged in Paragraph 90 of the Amended Complaint, and lacks information or knowledge sufficient to form a belief as to whether plaintiffs or any individual members of the alleged class suffered damages in connection with the alleged conduct.

## SECOND COUNT
### (Unjust Enrichment)

91.    Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

92.    Synapse denies the allegations in Paragraph 92 of the Amended Complaint.

93.    Synapse denies the allegations in Paragraph 93 of the Amended Complaint.

28

94.     Synapse denies the allegations in Paragraph 94 of the Amended Complaint.   Synapse specifically denies that anyone has been unjustly enriched and denies that a separate cause of action for unjust enrichment exists under the laws of New Jersey or of any of the other forty-nine states and/or the District of Columbia.

95.     Synapse denies the allegations in Paragraph 95 of the Amended Complaint.

## THIRD COUNT
### (Connecticut Unfair Trade Practices Act §§ 42-110a through 42-110q)

96.     Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

97.     Synapse denies the allegations in Paragraph 97 of the Amended Complaint and denies that any plaintiffs have standing to proceed under the Connecticut UTPA.

98.     Synapse denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Synapse lacks information or knowledge sufficient to form a belief as to what Plaintiffs or any individual member of the alleged class read, heard, saw, intended, knew or was made aware of, and denies the remaining allegations in Paragraph 99 of the Amended Complaint.

100. Synapse denies the allegations in Paragraph 100 of the Amended Complaint.

## FOURTH COUNT

**(Violations of the Uniform and Deceptive Trade Practices Acts and Practices Statutes (UDAPs) of New Jersey, New York, Illinois, New Mexico and the District of Columbia)**

**Violations of the New Jersey Consumer Fraud Act – N.J.S.A. 56:8-1 et seq;
New York General Business Law §§ 349 and 350;
815 Illinois Comp. Stat. Ann. 505/1 through 505/12 Consumer Fraud and Deceptive Business Practices Act and 501/1 through 510/7 Uniform Deceptive Trade Practices Act;
New Mexico Stat. Ann. §§ 57-12-1 through 57-12-22 Unfair Trade Practices Act; and
D.C. Code Ann. § 28-3901**

101. Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

102. The allegations contained in Paragraph 102 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

103. Synapse denies the allegations in Paragraph 103 of the Amended Complaint.

104. Synapse denies the allegations in Paragraph 104 of the Amended Complaint.

105. Synapse lacks information or knowledge sufficient to form a belief as to what Plaintiffs or any individual member of the alleged class read,

30

heard, saw, intended, knew or was made aware of, and denies the remaining allegations in Paragraph 105 of the Amended Complaint.

106.   Synapse denies the allegations in Paragraph 106 of the Amended Complaint.

## FIFTH COUNT
### (Violation of the Unordered Merchandise Statute)

107.   In response to paragraph 107 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

108.   In response to paragraph 108 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

109.   In response to paragraph 109 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

110.   In response to paragraph 110 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to

dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

111.    In response to paragraph 111 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

112.    In response to paragraph 112 of the Amended Complaint, Synapse states that it has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Fifth Count of the Amended Complaint, and respectfully refers the Court to that motion.

## SIXTH COUNT
### (Violations of the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*)

113.    Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

114.    The allegations contained in Paragraph 114 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

115.    Synapse denies the allegations in Paragraph 115 of the Amended Complaint.

116.   The allegations contained in Paragraph 116 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

117.   Synapse denies the allegations in Paragraph 117 of the Amended Complaint.   Synapse specifically denies that Plaintiffs or the alleged class are entitled to any relief, whether a declaratory judgment, restitution, or compensatory or statutory damages.

## SEVENTH COUNT
### (Declaratory Relief)

118.   Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

119.   Synapse denies the allegations in Paragraph 119 of the Amended Complaint.

120.   Synapse denies the allegations in Paragraph 120 of the Amended Complaint.

121.   Synapse denies the allegations in Paragraph 121 of the Amended Complaint.

122.   Synapse denies that Plaintiffs or the alleged class are entitled to any declaratory relief.

## EIGHTH COUNT
### (Injunctive Relief)

123.   Synapse hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

124.   Synapse denies that Plaintiffs or the alleged class are entitled to any injunctive relief.

125.   The allegations contained in Paragraph 125 of the Amended Complaint contain legal conclusions to which no answer is required, and are therefore denied.

126.   Synapse denies the allegations in Paragraph 126 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Against Synapse)

The Amended Complaint fails to state facts sufficient to constitute any cause of action against Synapse and further fails to state facts sufficient to entitle Plaintiffs or the alleged class to the relief sought, or to any other relief whatsoever, from Synapse.

### SECOND AFFIRMATIVE DEFENSE
### (Intervening Cause)

Plaintiffs' alleged damages, which Synapse denies, were not caused by Synapse but by an independent intervening cause, including but not limited to Plaintiffs' own actions.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

At all relevant times, Plaintiffs' damages, if any, were aggravated by their failure to use reasonable diligence to mitigate the same.  Therefore, Plaintiffs' recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

Any damages that Plaintiffs may have suffered, which Synapse denies, directly and proximately resulted from Plaintiffs' own conduct. Therefore, Plaintiffs have waived and are estopped and barred from pursuing the claims alleged in the Amended Complaint against Synapse and from recovery of any damages whatsoever as against Synapse.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Amended Complaint and each purported cause of action therein for equitable relief is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

The Amended Complaint and each purported cause of action therein is barred by full accord and satisfaction reached with Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE
### (Commercial Reasonableness)

The Amended Complaint and each purported cause of action therein is barred in whole or in part by the defense of commercial reasonableness in that Synapse's conduct was at all times justified, fair, and undertaken in good faith and consistent with the exercise of valid business purposes.

## NINTH AFFIRMATIVE DEFENSE
### (No Authority)

Plaintiffs and some or all of the putative class members have no authority or standing to bring some or all of the claims alleged in the Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Synapse reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case, including without limitation such affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

WHEREFORE, defendant Synapse Group, Inc. denies that Plaintiffs are entitled to certification of any class, denies that Plaintiffs or the alleged class are entitled to any of the compensatory, statutory, punitive or equitable relief, including any disgorgement, constructive trust, declaratory judgment, injunctive relief, costs or attorney's fees, requested in the Amended Complaint, and respectfully requests that the Court enter judgment in defendant's favor, together with costs and such other relief as the Court may deem just and appropriate.

Dated:  September 28, 2007

KELLEY DRYE & WARREN LLP

By:  /s/ *Geoffrey W. Castello*
Geoffrey W. Castello
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Telephone:  973 503-5900
Facsimile:  973-503-5950
Attorneys for Defendant
Synapse Group, Inc.

OF COUNSEL:

Thomas E. Gilbertsen
(admitted *pro hac vice*)
Joanna Baden-Mayer
(admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC 20007
Telephone:  202-342-8400
Facsimile:  202-342-8451

Gary A. Greene
Chief Corporate Counsel
Synapse Group, Inc.
225 High Ridge Road, East Building
Stamford, Connecticut 06905
Telephone:  203-391-0594
Facsimile:  212-467-2395

Attorneys for Defendant
Synapse Group, Inc.

38