**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

<u>NOT FOR PUBLICATION</u>

**LETTER OPINION**

March 19, 2008

<u>VIA ELECTRONIC FILING</u>

Gary S. Graifman, Esq.  
Kantrowitz, Goldhamer & Graifman, Esqs.  
210 Summit Avenue  
Montvale, NJ 07645

Geoffrey W. Castello, Esq.  
Kelley Drye & Warren, LLP  
200 Kimball Drive  
Parsippany, NJ 07054

Paul Diamond, Esq.  
Diamond Law Office, LLC  
1605 John Street, Suite 102  
Fort Lee, NJ 07024

Lauri A. Mazzuchetti, Esq.  
Kelley, Drye & Warren, LLP  
200 Kimball Drive  
Parsippany, NJ 07054

Michael Scott Green, Esq.  
Green & Pagano  
86 Washington Avenue  
Milltown, NJ 08850

   Re: <u>McNair, et al. v. Synapse Group, Inc.</u>  
      Civil Action No.: 06-5072 (JLL)

Dear Counsel:

  This matter comes before the Court by way of Defendant's motion to dismiss the fifth count of Plaintiff's Amended Complaint. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons set forth below, the Court grants Defendant's motion.

## **BACKGROUND**[1]

Synapse Group, Inc. ("Synapse" or "Defendant") is a provider of subscriber acquisition and management services to publishers of consumer magazines. Plaintiffs are purchasers of magazine subscriptions offered by Synapse. The Amended Complaint alleges, in relevant part, that Synapse offers discount-priced magazine subscriptions subject to automatic renewals of said subscriptions. (Am. Compl., ¶ 4). The Amended Complaint further alleges that "Synapse Group fails to adequately notify customers of their forthcoming automatic magazine subscription renewals and their options for cancelling the renewals before charges are incurred by the customers for the renewals." (Id., ¶ 6). As a result of such "deceptive, unlawful and unfair business practices, unconscionable commercial practices, misrepresentations and fraud," Plaintiffs commenced the instant cause of action in October 2006, on behalf of all persons and/or entities who purchased magazine subscriptions pursuant to offers made by or under the direction of Synapse or its affiliates, in New Jersey, New York, Illinois, New Mexico and the District of Columbia. Plaintiffs filed an Amended Complaint in August 2007.[2]

The Amended Complaint includes a claim for violation of Section 3009 of the Postal Reorganization Act, 39 U.S.C. § 3009 (2000), which regulates the shipment of unordered merchandise (hereinafter referred to as "Section 3009 claim").[3] Currently at issue is Defendant's motion to dismiss Plaintiffs' Section 3009 claim, which was filed in September 2007.

---

[1] For purposes of adjudicating the pending motion to dismiss, the allegations set forth in Plaintiffs' Amended Complaint are presumed to be true. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

[2] This Court's jurisdiction is premised on diversity of citizenship pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (Compl., ¶ 17). This Court assumes that Plaintiffs' citation to 28 U.S.C. § 1331(c) was merely an oversight. (Id.).

[3] Section 3009 provides that "(a) Except for (1) free samples clearly and conspicuously marked as such, and (2) merchandise mailed by a charitable organization soliciting contributions, the mailing of unordered merchandise or of communications prohibited by subsection (c) of this section constitutes an unfair method of competition and an unfair trade practice in violation of section 45(a)(1) of title 15. (b) Any merchandise mailed in violation of subsection (a) of this section, or within the exceptions contained therein, may be treated as a gift by the recipient, who shall have the right to retain, use, discard, or dispose of it in any manner he sees fit without any obligation whatsoever to the sender. All such merchandise shall have attached to it a clear and conspicuous statement informing the recipient that he may treat the merchandise as a gift to him and has the right to retain, use, discard, or dispose of it in any manner he sees fit without any obligation whatsoever to the sender. (c) No mailer of any merchandise mailed in violation of subsection (a) of this section, or within the exceptions contained therein, shall mail to any recipient of such merchandise a bill for such merchandise or any dunning communications. (d) For the purposes of this section, 'unordered merchandise' means merchandise mailed without the prior expressed request or consent of the recipient." 39 U.S.C. § 3009.

**LEGAL STANDARD**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[4]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id.  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims.  Scheuer, 416 U.S. at 236.  With this framework in mind, the Court turns now to Defendant's motion.

**DISCUSSION**

The sole issue before this Court is a narrow one.  Defendant seeks dismissal of Plaintiff's Section 3009 claim on the basis that Section 3009 does not provide for a private right of action. (Def. Br. at 3).  Defendant relies heavily on an Eastern District of Pennsylvania decision, Wisniewski v. Rodale, Inc., 406 F. Supp. 2d 550, 557 (E.D. Pa. 2005), wherein the court found that "Congress chose not to create a private right of action under § 3009."  Notwithstanding Plaintiffs' opposing arguments, in light of the Third Court's recent affirmance of the district court's decision in Wisniewski, it is clear that Plaintiffs' Section 3009 claim fails as a matter of law. See Winsniewski v. Rodale, 510 F.3d 294 (3d Cir. 2007) (affirming district court's decision, and explaining that "we see no indication that Congress intended to create a private right of action under § 3009.")[5]

---

[4] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

[5] The Third Circuit's decision in Wisniewski, 510 F.3d 294, is, of course, controlling legal authority in this district. Curiously, however, neither party brought this case to the Court's attention, nor did the parties alert the Court to the fact that an appeal of the district court's decision in Wisniewski, 406 F. Supp. 2d 550, was pending at the time of the parties' briefing.

**CONCLUSION**

       In light of the foregoing, Defendant's motion to dismiss the fifth count of Plaintiffs' Amended Complaint is granted. An appropriate Order accompanies this Letter Opinion.

       /s/ Jose L. Linares
       JOSE L. LINARES,
       UNITED STATES DISTRICT JUDGE