**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES T. MCNAIR, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 06-5072 (JLL) |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SYNAPSE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

Currently before the Court is Plaintiffs' motion for reconsideration of this Court's November 5, 2009 Opinion and Order granting their motion to amend the complaint but striking their New Jersey Consumer Fraud ("NJCFA") claim. This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.

Although posed as a motion for reconsideration, Plaintiffs' motion is not challenging any holding in the November 5 Opinion and Order. Instead, Plaintiffs ask that this Court permit them to cure what they term a pleading deficiency that served as the basis for the decision to strike the NJCFA claim. They assert that they did not mean to remove all monetary claims for the named Plaintiffs. They state: "The proposed amended complaint includes a New Jersey Consumer Fraud claim on behalf of the individually named Plaintiffs for monetary relief as well as a New Jersey class for injunctive relief." (Mem. of Law in Supp. of Pls.'s Mot. for Recon. of the

Court's Nov. 5, 2009 Order, at 1.)

In this Court's June 29, 2009 Opinion and Order denying class certification for Plaintiffs' NJCFA claim, this Court held that the class as defined and represented by Plaintiffs, which was seeking predominantly monetary relief, did not meet the predominance requirement of Rule 23(b)(3). In response, Plaintiffs sought to amend the complaint. This court granted to Plaintiffs permission to move to amend the complaint. The proposed amended complaint attached to their motion to amend and the arguments made in their briefs made clear that Plaintiffs now were only seeking equitable relief; they had dropped all of their monetary claims. This Court held that, since they were only seeking equitable relief, Plaintiffs "do not have standing under the NJCFA, and this cause of action must be stricken from the proposed amended complaint." (CM/ECF No. 94, at 9.) In the November 5 Opinion and Order this Court did not address any class certification arguments made by Defendant finding that "[w]hether class certification is appropriate under Rule 23(b)(2) for these claims is a decision that should be made upon motion for class certification and after thorough briefing by the parties." (Id. at 10.)

Plaintiffs now want to "correct" the proposed amended complaint to seek monetary relief for the named Plaintiffs and to seek only injunctive relief for a proposed New Jersey class. This Court will permit Plaintiffs an opportunity to amend the complaint to seek monetary and equitable relief on behalf of the individual named Plaintiffs. For the same reasons indicated in the November 5 Opinion, any issues regarding the appropriateness of class certification for the claims in the amended complaint are not addressed at this time. This Court expresses no opinion on whether Plaintiffs may obtain standing for a class that seeks only injunctive relief by inclusion of individual class members who seek monetary relief. This Court also does not express an

opinion on the possible effect of seeking monetary relief for the named Plaintiffs on Plaintiffs' intention to seek class certification under Rule 23(b)(2) or on the other Rule 23 requirements. But, this Court does caution Plaintiffs that they will not be permitted to amend the complaint again. Therefore, while the Court will grant Plaintiffs' request, it will not order that the proposed amended complaint submitted with its present motion for reconsideration be filed by the Clerk upon issuance of this Order. Plaintiffs shall have fourteen days in which to consider whether they wish to proceed with filing of the new proposed amended complaint.

It is on this 17th day of December, 2009,

**ORDERED** that Plaintiffs' motion for reconsideration (CM/ECF No. 98) is GRANTED to the extent that it seeks permission to file a new proposed amended complaint. No holdings in this Court's November 5, 2009 Opinion and corresponding Order are disturbed. Plaintiffs have fourteen days to file the proposed amended complaint. If the new complaint is not filed within this period, the parties shall proceed with the amended complaint as filed and altered in accordance with this Court's November 5 Opinion and Order. No further amendments will be permitted.

Jose L. Linares,
United States District Judge