**KANTROWITZ, GOLDHAMER & GRAIFMAN**
**GARY S. GRAIFMAN (GSG 2276)**
210 Summit Avenue
Montvale, New Jersey 07645
Telephone (201) 391-7000

**GREEN & PAGANO, LLP**
**MICHAEL S. GREEN (MSG 2204)**
522 Route 18, P.O. Box 428
East Brunswick, New Jersey 08816
Telephone (732) 390-0480

**DIAMOND LAW OFFICE, LLC**
**PAUL DIAMOND (PD 3088)**
1605 John Street, Suite 102
Fort Lee, New Jersey 07024
Telephone (201) 242-1110

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| CHARLES T. MCNAIR, THEODORE AUSTIN, DANIELLE DEMETRIOU, STEVEN NOVAK, ROD BARE, USHMA DESAI and JULIE DYNKO on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| | Case No. 2:06-cv-05072 (JLL)(CCC) |
| v. | **CIVIL ACTION** |
| SYNAPSE GROUP INC., | **CERTIFICATION OF MICHAEL S. GREEN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER F.R.C.P. 23 (B)(2)** |
| Defendant. | |

MICHAEL S. GREEN duly sworn hereby certifies as follows:

1. I am a member of the firm of Green & Pagano, LLP, co-counsel for plaintiffs and the putative class in the above captioned action and make this certification in support of the motion for class certification.

2. Annexed hereto are the exhibits previously filed with the Court for Plaintiffs' *prior* motion for class certification. In addition to these exhibits being filed for this motion and annexed to this declaration, numbered or identified as they were when previously filed for efficiency and ease of identification by the Court and the parties, are five new exhibits, Exhibits 50-54, identified more specifically below in this Declaration.

3. Annexed hereto as Exhibit 1 is a true and accurate copy of Negative Options FTC Workshop of January 25th, 2007. Negative Option Workshop-Comment P064202, Comments of Magazine Publishers of America.

4. Annexed hereto as Exhibit 2 is a true and accurate copy of an email produced by Magazine Publishers of America production numbers 666-677.

5. Annexed hereto as Exhibit 3 is a true and accurate copy of Magazine Publishers of America Advance Consent Subscription Plans (October 2006) production numbers 220-224.

6. Annexed hereto as Exhibit 4 is a true and accurate copy of Assurance of Voluntary Compliance or Discontinuance of March, 2006.

7. Annexed hereto as Exhibit 5 is a true and accurate copy of a Standard Notification Postcard for Plaintiff Theodore Austin produced by Synapse as Bates SYN 0140728-0140729 in response to Plaintiffs' discovery requests in this litigation.

8. Annexed hereto as Exhibit 6 is a true and accurate copy of a Plaintiff Austin's credit card statement produced by Plaintiff Austin as Bates MCNAIR 000086 .

9. Annexed hereto as Exhibit 7 is a true and accurate copy of a document titled "IVR Retention Scripting" produced by Synapse as Bates SYN 0089946-47 in response to Plaintiffs' discovery request in this litigation.

10. Annexed hereto as Exhibit 8 is a true and accurate copy of an email produced by Synapse, Bates SYN 0103201 in response to Plaintiffs discovery requests in this litigation.

11. Annexed hereto as Exhibit 9 is a true and accurate copy of an email produced by Synapse as Bates SYN0103085 in response to Plaintiffs' discovery requests in this litigation.

12. Annexed hereto as Exhibit 10 is a true and accurate copy of a document titled USE OF Prenotification Negative Option Plans; "Negative Option Plan"  16CFR425.1

13. Annexed hereto as Exhibit 11 is a true and accurate copy of a Magazine Publishers of America document titled "Membership Profile as of March 20th, 2008" produced by Magazine Publishers of America as Bates MPA 1-6.

14. Annexed hereto as Exhibit 12 is a true and accurate copy of Synapse's Verified Objections and Answers to Plaintiff's First Set of Interrogatories--Exhibit A.

15. Annexed hereto as Exhibit 13 is a true and accurate copy of a F.Y.E in-store offer produced by Synapse as Bates SYN 0140698-99 in response to Plaintiffs' discovery requests in this litigation.

16. Annexed hereto as Exhibit 14 is a true and accurate copy of checking account statement of Plaintiff Desai as Bates McNair 000079-81.

17. Annexed hereto as Exhibit 15 is a true and accurate copy of a Synapse document titled "Comparative Retention Performance by System/App. November 2006" produced by Synapse as Bates SYN 0000042-43 in response to Plaintiffs' discovery requests in this litigation.

18. Annexed hereto as Exhibit 16 is a true and accurate copy of Synapse emails about changes to Chevron's postcards as Bates SYN 0097659-660 in response to Plaintiff's discovery requests in this litigation.

19. Annexed hereto as Exhibit 17 is a true and accurate copy of Synapse emails about Chevron as Bates SYN 0089624 in response to Plaintiff's discovery requests in this litigation.

20. Annexed hereto as Exhibit 18 is a true and accurate copy of Synapse emails about Chevron as Bates SYN 00889626 in response to Plaintiff's discovery requests in this litigation.

21. Annexed hereto as Exhibit 19 is a true and accurate copy of Synapse emails as Bates SYN 0097033-035 in response to Plaintiff's discovery requests in this litigation.

22. Annexed hereto as Exhibit 20 is a true and accurate copy of Synapse emails as Bates SYN 0089517-525 in response to Plaintiff's discovery requests in this litigation.

23. Annexed hereto as Exhibit 21 is a true and accurate copy of Synapse document as Bates SYN 0074161-162 in response to Plaintiff's discovery requests in this litigation.

24. Annexed hereto as Exhibit 22 is a true and accurate copy of Defendants Second Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories July 18th, 2008

25. Annexed hereto as Exhibit 23 is a true and accurate copy of Plaintiff McNair's Postcard Notification as Bates SYN 0000045-46

26. Annexed hereto as Exhibit 24 is a true and accurate copy of Plaintiff McNair's June Credit card transactions as Bates McNair 000008.

27. Annexed hereto as Exhibit 25 is a true and accurate copy of Plaintiff McNair July Credit Card transactions as Bates McNair000009.

28. Annexed hereto as Exhibit 26 is a true and accurate copy of Plaintiff McNair's Billing dispute for Time Charge as Bates McNair 000010.

29. Annexed hereto as Exhibit 27 is a true and accurate copy of McNair Aug 29, 2006 requesting refund for Nat'l Geographic as Bates McNair 000013.

30. Annexed hereto as Exhibit 28 is a true and accurate copy of Plaintiff Desai's Postcard Notification for ESPN, Spin and Maxim as Bates SYN 0140738-739.

31. Annexed hereto as Exhibit 29 is a true and accurate copy of Plaintiff Desai's Postcard Notification for Vibe as Bates SYN 0140740-741.

32. Annexed hereto as Exhibit 30 is a true and accurate copy of Plaintiff Demetriou's Postcard Notification as Bates SYN 0140724-725.

33. Annexed hereto as Exhibit 31 is a true and accurate copy of Plaintiff Demetriou's bank statement as Bates McNair 000076-000077.

34. Annexed hereto as Exhibit 32 is a true and accurate copy of Plaintiff Demetriou's fax to "Customer Service TWX" dated July 11th, 2004.  Defendant's deposition Exhibit D-9.

35. Annexed hereto as Exhibit 33 is a true and accurate copy of Plaintiff's Dynko's (ne Silver) Postcard Notification as Bates SYN0140730-731in response to Plaintiff's discovery request in this litigation.

36. Annexed hereto as Exhibit 34 is a true and accurate copy of Discover Production- Plaintiff Dynko's July 2003 Discover Card statement with May charges.

37. Annexed hereto as Exhibit 35 is a true and accurate copy of Discover Production- Plaintiff Dynko's July 2004 Discover Card statement with May charges.

38. Annexed hereto as Exhibit 36 is a true and accurate copy of Synapse email as Bates SYN 0091394-396 in response to Plaintiff's discovery requests in this litigation.

39. Annexed hereto as Exhibit 37 is a true and accurate copy of Synapse document as Bates SYN 0102160 in response to Plaintiff's discovery requests in this litigation.

40. Annexed hereto as Exhibit 38 is a true and accurate copy of Synapse email as Bates SYN 0091453-454.

41. Annexed hereto as Exhibit 39 is a true and accurate copy of Synapse document titled "Retention Strategy" as Bates SYN 0089581-589.

42. Annexed hereto as Exhibit 40 is a true and accurate copy of Declaration of Gary S. Graifman in Support of Motion to Grant Certification.

43. Annexed hereto as Exhibit 41 is a true and accurate copy of Chevron Production: CHEV 001011-001020.

44. Annexed hereto as Exhibit 42 is a true and accurate copy of Synapse email as Bates SYN 0101031.

45. Annexed hereto as Exhibit 43 is a true and accurate copy of Synapse document as Bates SYN 0098644.

46. Annexed hereto as Exhibit 44 is a true and accurate copy of Plaintiffs' expert marketing report of Warren G. Keegan, Ph.D.

47. Annexed hereto as Exhibit 45 is a true and accurate copy of Customer Complaints to Synapse.

48. Annexed hereto as Exhibit 46 is a true and accurate copy of Synapse Customer online complaints posted since August of 2007.

49. Annexed hereto as Exhibit 47 is a true and accurate copy of Synapse Comparative Postcard Test Results SYN-0119920 – SYN0119929, Cancel Branch Flow Chart identifying DNR as a cancel type, SYN-0089950, and Retention Scripting with definition of DNR , save attempts and full cancel, SYN-0089946-0089947.

50. Annexed hereto as Exhibit 48 is a true and accurate copy of Declarations of Plaintiffs in Support of Class Certification.

51. Annexed hereto as Exhibit 49 is a true and accurate copy of the Order in *Wachtel v. HealthNet, Inc.*, Civ. Docket No. 01-4183, Hon. Faith S. Hochberg, U.S.D.J., (D.N.J., September 28, 2006)

52. Annexed hereto as Exhibit 50 is a true and accurate copy of Synapse's New Standard Single Postcard.

53. Annexed hereto as Exhibit 51 is a true and accurate copy of Plaintiffs' Supplemental Expert Report of June 18, 2010 of Warren G. Keegan, Ph.D.

54. Annexed hereto as Exhibit 52 is a true and accurate copy of the Affidavit of John Ward, a Synapse customer.

55. Annexed hereto as Exhibit 53 is a true and accurate copy of recent emails from Synapse customers.

56. Annexed hereto as Exhibit 54 is a true and accurate copy of recent Internet complaints against Synapse.

57. Annexed hereto as Webb Dep. is a true and accurate copy of the Transcript of the deposition upon oral examination of M. Sue Webb, Synapse's designee regarding Publisher Relations and Development taken by Plaintiffs on January 29th, 2008.

58. Annexed hereto as Farrell Dep. is a true and accurate copy of the Transcript of the deposition upon oral examination of Bryan Farrell, Synapse's designee regarding Notifications taken by Plaintiffs on February 29th, 2008.

59. Annexed hereto as Tyler Dep. is a true and accurate copy of the Transcript of the deposition upon oral examination of Chris Tyler, Synapse's designee regarding Retention Marketing taken by Plaintiffs on February 28th, 2008.

60. Annexed hereto as Brennan Dep. is a true and accurate copy of the Transcript of the deposition upon oral examination of Julia Brennan, Synapse's designee regarding Customer Service taken by Plaintiffs on January 30, 2008.

61. Annexed hereto as Jones Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Janet Jones, Synapse's designee regarding Customer Care Operations taken by Plaintiffs on March 14, 2008.

62. Annexed hereto as Permalla Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Indira Permalla, Synapse's designee regarding IVR and Scripting taken by Plaintiffs on March 13th, 2008.

63. Annexed hereto as Roth Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Marc Roth, Synapse's designee regarding Compliance taken by Plaintiffs on May 8, 2008.

64. Annexed hereto as Stewart Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Laina Stewart, Synapse's designee regarding Initial Offers taken by Plaintiffs on May 8, 2008.

65. Annexed hereto as Dart Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Tracy Dart, Synapse's designee regarding Initial Offers taken by Plaintiffs on May 8, 2008.

66. Annexed hereto as McNair Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Charles McNair, taken by Defendants on Nov 5, 2007.

67. Annexed hereto as Austin Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Theodore Austin, taken by Defendants on December 11, 2007.

68. Annexed hereto as Desai Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Ushma Desai, taken by Defendants on November 26, 2008.

69. Annexed hereto as Demetriou Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Danielle Demetriou, taken by Defendants on November 12, 2007.

70. Annexed hereto as Dynko Dep. is a true and accurate copy of the transcript of the deposition upon oral examination of Julie Dynko, taken by Defendants on April 5, 2008.

I certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:  June 18, 2010                    GREEN & PAGANO, LLP

                                            By: /s/Michael S. Green
**GREEN & PAGANO, LLP**
**MICHAEL S. GREEN (MSG 2204**)
522 Route 18, P.O. Box 428
East Brunswick, New Jersey 08816
Telephone (732) 390-0480


**GARY GRAIFMAN (GSG 2276)**
210 Summit Avenue
Montvale, New Jersey 07645
Telephone  (201) 391-7000


**DIAMOND LAW OFFICE, LLC**
**PAUL DIAMOND (PD 3088)**
1605 John Street, Suite 102
Fort Lee, New Jersey 07024
Telephone (201) 242-1110

**Attorneys for Plaintiffs**